UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL D. REINER, M.D., a Professional Corporation, a Nevada professional corporation,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation; WALMART INC., a Delaware Corporation; SMITH'S FOOD & DRUG CENTERS, INC., a Delaware Corporation; MEGAN VENEGAS, an individual; DOES I through X, inclusive; ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00701-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Walmart and Megan Venegas's Motion to Stay Discovery (ECF No. 86) in which Defendants CVS Pharmacy, Inc. and Smith's Food & Drug join. ECF Nos. 88, 91. The Court considered the Motion, the Joinders, the Response (ECF No. 98), and the Reply (ECF No. 106). For the reasons set forth below, the Motion to Stay is granted. Because the Motion to Stay is granted, the Stipulated Joint Discovery Plan and Scheduling Order (ECF No. 92) is denied as moot.

**I.     Statement of Relevant Facts**[1]

This is the second time a motion to stay discovery has been filed in this matter. The Court originally entered a stay of discovery on September 28, 2022, finding Plaintiff's then-asserted claims would not survive pending motions to dismiss. ECF No. 53. After the stay of discovery was entered, the Honorable Robert F. Boulware heard and granted Defendants' Motions to Dismiss providing Plaintiff one opportunity to amend his Complaint. ECF No. 68.

Plaintiff filed its First Amended Complaint ("FAC") on April 11, 2023 (ECF No. 74) adding Megan Venegas (a Walmart pharmacist) as a defendant. It is undisputed that Ms. Venegas is a Nevada resident, which Defendants argue destroys diversity jurisdiction over all of Plaintiff's claims

---

[1] Because the parties are well versed in the facts underlying this case, the Court does not repeat them here.

1

in the FAC. Defendants also argue Plaintiff's defamation claim against Ms. Venegas is barred by Nevada's anti-SLAPP statute and Plaintiff's tortious interference claim fails because Plaintiff has not identified a contract breached or future economic opportunity refused to Plaintiff because of Defendants' alleged conduct. Defendants contend Plaintiff's negligence claim fails because no legal duty owed by Defendants to Plaintiff was breached. Finally, Defendant says Plaintiff's defamation claims fail because they are time barred and there is no plausible allegation supporting the elements of this claim.

Plaintiff submits federal jurisdiction applies to Plaintiff's state law claims because they arise under and depend on construction and application of federal law. Plaintiff claims the "truth" of the statements made on which Plaintiff relies when alleging defamation are directly dependent upon the interpretation of federal law. Plaintiff contends the standards applicable to national retail pharmacy regarding supervision of pharmacists are implicated by specific sections of the Code of Federal Regulations. Plaintiff argues Defendants' anti-SLAPP Motion to Dismiss will fail because none of the statements made by Defendants are covered by the applicable Nevada Revised Statute.

In Reply, Walmart and Ms. Venegas submit Plaintiff's federal jurisdiction argument misstates and misapplies the law. Further, these Defendants cite case law staying discovery when an anti-SLAPP motion to dismiss is pending before the Court. Walmart and Ms. Venegas argue the remainder of Plaintiff's claims will be dismissed because they fail to allege facts essential to establishing the elements of the causes of action asserted.

**II.  Discussion**

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Typically, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, courts must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. That said, the ultimate question for the court is whether,

1  under Rule 1, it is more efficient to move discovery forward while the dispositive motion(s) is
2  pending or to limit discovery with the aim of resolving the case in the most inexpensive manner
3  possible. *Id.* at 603.  The party seeking a stay of discovery bears the burden of establishing the stay
4  is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, at *1 (D.
5  Nev. Oct. 31, 2013), *citing Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S.
6  Dist. Lexis 125542, at *5 (D. Nev. Sept. 5, 2012).

7  As Defendants correctly highlight, a stay of discovery is often (albeit not automatically)
8  granted when parties raise questions regarding federal jurisdiction. *St. Clair v. iEnergizer, Inc.*, Case
9  No. 20-cv-01880, 2021 WL 725158, at *2 (D. Nev. Jan. 22, 2021); *Gastelum v. Am. Fam. Mut. Ins.*
10 *Co.*, Case No. 14-cv-00773, 2014 U.S. Dist. LEXIS 167323, at *3 (D. Nev. Dec. 2, 2014) ("Pending
11 motions regarding the Court's jurisdiction to hear a case present, generally, a critical preliminary
12 question that should be addressed prior to the parties conducting discovery"); *AMC Fabrication Inc,*
13 *v. KRD Trucking W., Inc.*, Case No. 12-cv-00146, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012)
14 ("[A] pending motion challenging jurisdiction strongly favors a stay."); *Liberty Media Holdings,*
15 *LLC v. Letyagin*, Case No. 12-cv-00923, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012) ("[a]
16 defendant should not be required to engage in expensive and burdensome discovery in a court that
17 has no jurisdiction over him").  Here, the Court took a preliminary peek at the motions to dismiss.
18 The Court reviewed arguments made for and against dismissal based on the absence or presence of
19 federal jurisdiction.  The Court is convinced Plaintiff's reliance on *Grable & Sons Metal Prods. v.*
20 *Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) is misplaced and Plaintiff's FAC will be dismissed based
21 on a lack of jurisdiction.

22 The Court also finds Plaintiff's negligent hiring, retention, and supervision claim will likely
23 be dismissed because there is no legal duty owed to Plaintiff that was breached by Defendants.
24 Moreover, the challenges to Plaintiff's defamation claims under Nevada's anti-SLAPP statutes
25 provides an independent basis to stay this case. *ProCare Hospice of Nev., LLC v. OneCare Hospice,*
26 *LLC*, 340 F.R.D. 174, 177 (D. Nev. Dec. 17, 2021).  The Court further finds Plaintiff again fails to
27 plead facts necessary to support an essential element of a tortious interference claim and, to the
28

extent Plaintiff's defamation claim does not fail under an anti-SLAPP analysis, it is highly doubtful this claim is timely.

### III.     Order

Accordingly, IT IS HEREBY ORDERED that Walmart and Megan Venegas' Motion to Stay Discovery (ECF No. 86) is GRANTED.

IT IS FURTHER ORDERED that the Stipulated Joint Discovery Plan and Scheduling Order (ECF No. 92) is DENIED as moot.

Dated this 23rd day of August, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE